UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

WILLIE JAMES YELDON,                        No. 9:12-CV-1564 (NAM/ATB)

       Plaintiff,

  v.

FRANK CROUCH, et al.,

       Defendants.
_____

WILLIE JAMES YELDON, Plaintiff
LISA A. GILELS, ESQ., Pro Bono Counsel for Plaintiff
JUSTIN L. ENGEL, ASS'T ATT'Y GEN., for Defendants

ANDREW T. BAXTER, U.S. Magistrate Judge

## **REPORT-RECOMMENDATION**

Currently before the court is plaintiff's pro se motion to withdraw from and to vacate a written settlement agreement incorporated in a So-Ordered Stipulation of Dismissal. (Dkt. No. 99). Plaintiff executed the Stipulation of Dismissal (Dkt. No. 98) in open court, with the advice of pro bono counsel, after a settlement conference. Defendants have filed a letter brief opposing the motion. (Dkt. No. 101). Plaintiff's pro bono counsel has submitted a copy of her March 22, 2106 letter to her client responding to his allegations that she provided ineffective assistance and made misrepresentations in connection with her representation of plaintiff. (Dkt. No. 100). For the reasons stated below, this court recommends that plaintiff's motion to vacate the Stipulation of Dismissal be denied, and that his settlement agreement be enforced.

## BACKGROUND

Plaintiff initiated this action in October 2012, alleging that his civil rights were violated during his involuntary civil confinement at the Central New York Psychiatric Center ("CNYPC"). (Dkt. No. 1). By text order dated December 15, 2015, Senior District Judge Norman A. Mordue scheduled a March 1, 2016 trial on plaintiff's surviving claims of excessive force, failure to protect, and medical indifference against twelve defendants, relating to alleged incidents at CNYPC in July 2012.

On January 20, 2016, Lisa Gilels, Esq., the pro bono lawyer appointed to represent plaintiff at trial, requested that this court schedule a settlement conference (Dkt. No. 77), which was thereafter conducted in Utica, New York on February 12, 2016. The portions of the conference during which the court addressed the plaintiff were recorded, and a transcript has been prepared at the court's request. ("Tr.," Dkt. No. 102). Defense counsel conveyed the offer to pay plaintiff $500, on behalf of one settling defendant, in exchange for plaintiff's agreement to dismiss the remaining claims against the other defendants and discontinue this action; to dismiss another civil rights action in the Western District of New York; and to release the State of New York and its employees of all other claims that had accrued as of the date of the settlement. The complete terms of settlement were set forth in a "So-Ordered Stipulation of Dismissal Pursuant to FRCP 41(a)." (Dkt. No. 98).

After plaintiff and his attorney were afforded an opportunity to discuss the proposed settlement in private, this court met with plaintiff and counsel for both sides in the courtroom. The court explained the key terms of the proposed settlement,

discussed the plaintiff's options, and addressed all of his questions and concerns. (Tr. at 3-16). After airing various grievances, the plaintiff advised the court that he was prepared to accept the settlement terms offered by the defendants. (Tr. at 13 ("I understand the settlement offer, I understand that very well, . . . which I will accept that . . ."), 16). The court then offered the plaintiff "a little time to go over the paperwork with Ms. Gilels[,]" but the plaintiff advised "we need to go on and sign the paperwork because I have somewhere to be and I don't want to waste no more time." (Tr. 16). There was, nonetheless, a delay of several minutes while a notary was located, during which counsel discussed the settlement documents in the presence of the plaintiff, who did not raise any objections about the settlement terms. (Tr. 17). Ultimately, the plaintiff executed, in open court, the Stipulation of Dismissal of this action, which this court so ordered. Plaintiff also executed a stipulation to dismiss the Western District of New York action, which was to be filed and so ordered in that district. (Dkt. No. 98, Tr. 17).

In his motion to withdraw from the settlement and vacate the Stipulation of Dismissal in this action, plaintiff claims that his pro bono attorney was ineffective in her representation, in that she failed to meet with plaintiff or to adequately prepare for the scheduled trial. (Dkt. No. 99 at 3-4). Plaintiff further complains that his attorney did not speak with the plaintiff in advance about the proposed settlement and claims, in conclusory terms, that counsel made a "total" and "complete" "misrepresentation." (Dkt. No. 99 at 1, 5). Liberally construed, plaintiff's motion also suggests that he was pressured into signing the settlement papers. (Tr. at 5 (plaintiff was "marched into

3

court, chained, . . . then a paper is shoved, pushed in front of this plaintiff and a pen is handed this plaintiff to sign the papers")). Finally, plaintiff objects that this court did not have the jurisdiction to "rule [on] or determine" his case in the Western District of New York, which plaintiff agreed to dismiss as part of the settlement. (Dkt. No. 98 at 4).

## DISCUSSION

This court concludes that most, if not all of the factual claims upon which plaintiff bases his motion to vacate the Stipulation of Dismissal of this action and withdraw from the settlement agreement are squarely contradicted by the record. Plaintiff's claim that his pro bono attorney did not communicate with him or adequately prepare for trial is rebutted by Ms. Gilels' March 22, 2016 letter, which outlines her trial preparations and her communications with her client. (Dkt. No. 100). Moreover, the docket entries in this case, which show that plaintiff's counsel filed trial pleadings, including a motion in limine, document her trial preparations. (Dkt. Nos. 83, 85-87). While the court noted, during the February 12th conference, that plaintiff's counsel "would like to have some additional time to prepare for the trial" (Tr. 9), that hardly suggests that Ms. Gilels would have been unprepared to proceed with the trial, scheduled to start more than two weeks later, if Judge Mordue declined to adjourn it. In any event, as defense counsel notes in his brief, plaintiff's claims of ineffective assistance provide no basis for relief from a judgment in a civil action where plaintiff has no right to counsel. *See, e.g., Hango v. Royall*, 466 F. App'x 30, 34-35 (2d Cir. 2012) (denying plaintiff's request for a new trial based on ineffective assistance of

4

counsel in Eighth Amendment excessive force case because "there is no constitutional right to the effective assistance of trial in civil cases").

The plaintiff acknowledged, during the settlement conference, that his prospects for success at trial were dim, in light of the fact that the twelve defendants were likely to dispute his account of the incidents underlying plaintiff's claims. (Tr. 8-9, 14 ("like you said, which I understand, I can't compete with 12, 13 other people with an attorney and I'm just the only witness on my behalf").[1] Plaintiff's demand for settling the case was $1,000 (Tr. 7-8), so the $500 settlement offer he accepted was not substantially out of line with plaintiff's own view of the merits of his case. *See Wright v. Correction Officers*, No. 01 CIV. 5218, 2003 WL 21357125, at *1 (S.D.N.Y. June 12, 2003) (even though plaintiff later claimed he thought he had settled for $13,000, the court enforced the $4,000 settlement of a prisoner civil rights case in part because "the correction officers involved assert that their actions were provoked by an assault from plaintiff–thus there are issues of fact in this case and it is by no means clear that [p]laintiff would have been able to prevail on his claims had he not decided to enter into a settlement").

The record also belies plaintiff's vague suggestion that he did not have adequate time to consider the terms of the defendants' settlement offer or that he was pressured or misled with respect to the Stipulation of Dismissal which documented those terms. Defense counsel first presented the proposed Stipulation of Dismissal at the start of the

---

[1] During his colloquy with the court, plaintiff did not associate the acknowledged weakness of his case to the quality of his attorney's representation or preparation.

5

settlement conference, so Ms. Gilels would not have been able to discuss the proposal with her client prior to the conference. The settlement papers consisted of just over three pages of clear and understandable language, and plaintiff had an adequate opportunity to review it with counsel during the settlement conference, which lasted more than an hour. Plaintiff's conclusory claim that Ms. Gilels made a misrepresentation relating to the settlement terms is not supported by any facts in the record. In any event, the court outlined the key provisions of the proposal with plaintiff on the record (Tr. 4, 16), and he did not raise any questions or objections about particular terms.

The plaintiff stated on the record that he understood the settlement offer very well, and, when offered more time to review the settlement papers with his attorney, said that he did not want to "waste no more time" before signing them. Notably, in his motion papers, plaintiff does not specify any objection to any particular provision of the terms of settlement set forth in the Stipulation of Dismissal or claim that he did not understand the agreement he signed.

Similarly, plaintiff's claim that this court ruled on or disposed of an case in the Western District of New York, where I clearly have no jurisdiction, is inconsistent with the record. While the defendant agreed to dismiss the Western District of New York action as part of the settlement agreement, the stipulation dismissing that action, which plaintiff signed, was not so ordered by this court, but was filed in the Western

6

District of New York. (W.D.N.Y. Case No. 1:07-CV-370 (RJA), Dkt. No. 101).[2] In my discussion of the Western District of New York case during the settlement conference, I made clear that judges in that district had jurisdiction over that case. (Tr. 4-6).

Because the settlement in this case was effectuated by the Stipulation of Dismissal which I so ordered, I will consider plaintiff's motion as one for relief under Fed. R. Civ. P. 60(b) from a final order. In the alternative, to the extent there is a question regarding my authority to so order the Stipulation of Dismissal in the absence of an explicit consent by all parties to my entry of a final order, I will also consider plaintiff's motion as one opposing enforcement of a settlement agreement. By either analysis, this court concludes that plaintiff's motion should be denied, that the settlement agreement should be enforced, and that this action should be dismissed with prejudice.

**I.    Rule 60(b)**

Fed. R. Civ. P. 60(b) sets forth the grounds on which a court, in its discretion, may vacate or amend a final judgment or order. It provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . , misrepresentation, or other misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Motions under Rule 60(b) are addressed to the sound discretion

---

[2] Judge Arcara did not so order the Stipulation of Dismissal in the Western District of New York case, finding that Fed. R. Civ. P. 41(a)(1)(A) did not require approval by the court to effectuate the termination of the action. (W.D.N.Y. Case No. 1:07-CV-370, Dkt. No. 102).

7

of the district court and are generally granted only upon a showing of exceptional circumstances." *Prince of Peace Enterprises, Inc. v. Top Quality Food Mkt., LLC*, No. 07-CV-349 LAP FM, 2012 WL 4471267, at *2 (S.D.N.Y. Sept. 21, 2012) (citing, *inter alia, Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)). *See also Broadway v. City of New York*, No. 96 CIV. 2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) ("the heavy burden for securing relief from final judgments applies to pro se litigants as well as to those who are represented by counsel") (citations omitted). "Moreover, in a Rule 60(b) motion, '[a] movant's burden is even more formidable where the movant has made a deliberate choice to enter into a settlement agreement as opposed to having litigated the case on the merits and lost.'" *Prince of Peace Enterprises, Inc.,* 2012 WL 4471267, at *2 (citing, *inter alia, Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

"Relief under Rule 60(b)(1) for an error constituting mistake, surprise, inadvertence or excusable neglect 'was not intended to relieve a litigant from the consequences of . . . a conscious decision, however unwise the decision may be in retrospect.'" *Ovadiah v. New York Ass'n for New Americans*, Nos. 95 CIV. 10523, 96 CIV.330, 1997 WL 342411, at *5 (S.D.N.Y. June 23, 1997) (citing, *inter alia*, *Nemaizer*, 793 F.2d at 62 ("[m]ere dissatisfaction in hindsight with choices deliberately made" does not provide relief under Rule 60(b)(1)). Plaintiff in this case never expressed any misunderstanding about any term of the proposed settlement, either during the settlement conference, or in the instant motion. Here, as in *Ovadiah*, plaintiff's "agree[ment] to the terms of the settlement agreement in open court . . .

8

"undermine[s] any claim . . . of mistake or surprise under Rule 60(b)(1)." *Id.* (citation omitted).

"Conclusory allegations of fraud alone are not sufficient to overcome plaintiff's Rule 60(b)(3) burden to specifically show misrepresentation, fraud, or misconduct by clear and convincing evidence." *Jordan v. Verizon Corp.*, No. 02-CV-10144, 2007 WL 4591924, at *4 (S.D.N.Y. Dec. 27, 2007). As noted above, plaintiff vaguely claims misrepresentation by his own attorney, not an opposing party, without providing any details about the nature of the misrepresentation or how it affected plaintiff's decision to accept defendants' settlement proposal. Hence, Rule 60(b)(3) provides no basis for invalidating the Stipulation of Dismissal to which plaintiff agreed.

Nor has plaintiff established extraordinary grounds for relief under the equitable catchall provision of Rule 60(b)(6). As discussed above, plaintiff' claims regarding his lawyer's ineffective assistance are contradicted by other evidence in the record. In any event, although extraordinary problems with an attorney's representation–*e.g.*, "'constructive disappearance'" from a case due to a psychological disorder– have been recognized as being an "exceptional circumstance" justifying Rule 60(b)(6) relief, "an attorney's negligence or dereliction of his duties cannot serve to excuse the client from its consequences." *Boehner v. Heise*, No. 03 CIV. 05453 (THK), 2009 WL 1360975, at *4 (S.D.N.Y. May 14, 2009) (citing, *inter alia*, *Alvarado v. Manhattan Worker Career Ctr.*, No. 01 Civ. 9288, 2003 WL 22462032, at *3 (S.D.N.Y. Oct. 30, 2003) (an attorney's "gross negligence is not a basis for relief under Rule 60(b)(6)")).

9

In sum, plaintiff, represented by competent counsel, and recognizing his poor prospects for success at trial, executed a clear and unambiguous written settlement agreement on the record, in open court. He has stated no basis to withdraw from his settlement agreement or to vacate the stipulated dismissal of his action under Rule 60(b).

## II. Enforcement of Settlement Agreement

Even if this Magistrate Judge lacked the authority to so-order the Stipulation of Dismissal without the explicit consent of all parties to enter judgment under 28 U.S.C. § 636(c)(1),[3] that document also constituted a written settlement agreement between the parties which is enforceable and which would support dismissal of the action by the assigned District Judge. "A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). It is an open question in the Second Circuit whether the enforceability of a settlement agreement in a federal action is to be determined under state or federal law. *Kaczmarcysk v. Dutton*, 414 F. App'x 354, 355 (2d Cir. 2011). However, inasmuch as there "is no material difference between the applicable state law or federal common law standard, we need not decide this question . . . ." *Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 322 (2d Cir. 1997); *Kaczmarcysk*, 414 F. App'x at 355.

"In order to overcome the presumption of enforceability and set aside a[n]

---

[3] While Fed. R. Civ. P. 41(a) allows a plaintiff to dismiss an action by a stipulation of dismissal signed by all parties without a court order, this court did so-order the Stipulation of Dismissal in this action.

10

[executed, written] settlement agreement under New York law, a movant bears the burden of establishing either (1) unilateral mistake coupled with fraudulent concealment by the knowing party, or (2) mutual mistake." *Case v. City of New York*, No. 12 CIV. 2189, 2012 WL 5951296, at *8 (S.D.N.Y. Nov. 28, 2012) (citing *Quinones v. Police Dep't of City of New York*, No. 10 CIV. 6195, 2012 WL 2148171, at *4 (S.D.N.Y. Apr. 12, 2012) ("When a party makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect.") (Rep't and Rec.), *adopted*, 2012 WL 2149572 (S.D.N.Y. June 13, 2012)). As discussed above in the analysis of Rule 60(b), plaintiff has asserted no grounds based on mistake or fraud to invalidate the settlement agreement that he executed as part of the Stipulation of Dismissal. Even if the settlement agreement had not been embodied in a clear and unambiguous writing executed by plaintiff, his agreement to the terms of the settlement on the record in open court would suffice to support enforcement of the agreement and dismissal of this action. *See, e.g.*, *Melwani v. Jain*, No. 02 Civ. 1224, 2004 WL 936814 at *6 (S.D.N.Y. Apr. 29, 2004) (the parties' on-the-record settlement agreement is fully enforceable; plaintiff's bald and belated assertion that he did not understand the terms cannot serve to invalidate the on-the-record agreement); *Ovadiah v. New York Ass'n for New Americans*, 1997 WL 342411, at *5-6; *Milner v. City of New York*, No. 10 CIV. 9384, 2012 WL 3138110, at *7 (S.D.N.Y. Aug. 2, 2012) (Rep't and Rec.), *adopted*, 2012 WL 6097111 (S.D.N.Y. Dec. 10, 2012).

## CONCLUSION

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's motion to withdraw from his settlement agreement and to vacate the So-Ordered Stipulation of Dismissal (Dkt. No. 99) be **DENIED**, and that the assigned District Judge approve the dismissal of this action.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (*citing Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 4, 2016

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge